# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

REVEREND FRANK ELIJAH )
DENEGAL, Itinerant Elder of the )
A.M.E. Church, )
 )
    Plaintiff, )
 )
v. ) Case No. CV411-062
 )
BISHOP WILLIAM PHILIPS )
DEVEAUX, 6th Episcopal District )
of Georgia, )
 )
    Defendant. )

## **REPORT AND RECOMMENDATION**

Plaintiff Frank Elijah Denegal seeks leave to proceed *in forma pauperis* ("IFP") in this case, claiming that defendant William Philips DeVeaux[1] "knowingly deprived [him] of employment since 2004" in violation of the American Methodist Episcopal Church's Ministers' Bill of Rights. (Doc. 1 at 3-4.) The Court **GRANTS** Denegal's IFP motion (doc.

---

[1] While plaintiff names defendant "William Phillip DeVeaux," an online search shows that his name is actually William *Philips* DeVeaux. *See* First African Methodist Episcopal Church website, *available at* http://www.firstameatlanta.org. The Court has amended the caption accordingly. The Clerk shall do likewise for the docket, and all subsequent filings shall conform.

2)[2] but his case should be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3) (requiring dismissal if the Court determines it lacks subject matter jurisdiction), as he has failed to invoke a subject-matter jurisdictional basis for this action.[3]

The parties are both Georgia residents, and Denegal has not pled more than $75,001 in damages. (*Id.* at 2-3.) Hence, he cannot invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). *Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010); *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806) (plaintiff must show "complete" diversity in order to proceed under a federal court's diversity jurisdiction; no plaintiff may share the same state citizenship with any defendant). Nor has Denegal presented a federal question under 28 U.S.C. § 1331. (Doc. 1 at 1-2.). He has not named any

---

[2] Denegal states that he has no income other than $598 per month in social security benefits, and has no assets or money in the bank. (Doc. 2 at 1-2.) The Court is satisfied that he cannot, because of his poverty, afford to pay the filing fee. 28 U.S.C. § 1915; *see Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948).

[3] Alternatively, dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of any IFP action when the action or appeal is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

realistic federal basis for his case, and the Court cannot conceive of one based upon his alleged facts. This is not, for example, a general workplace discrimination action, as Denegal has not alleged that he was discriminated against based upon his membership in a protected class as defined by any federal anti-discrimination statute.[4] Nor can he proceed under 42 U.S.C. § 1983 to vindicate his constitutional rights because he has not offered any facts showing that the defendant -- a private citizen -- is a state actor or acted in collusion with any state official.[5] 42 U.S.C. §

---

[4] Additionally, Title VII of the Civil Rights Act of 1964 and other similar anti-discrimination laws and regulations generally do not apply to employment decisions by clergy, since the application of such laws in that context would result "'in an encroachment by the State into an area of religious freedom which it is forbidden to enter' under the Free Exercise Clause of the First Amendment." *McCants v. Alabama-West Florida Conference of the United Methodist Church, Inc.*, 372 F. App'x 39, 41 (11th Cir. 2010) (citing *McClure v. Salvation Army*, 460 F.2d 553, 560 (5th Cir. 1972)).

Even if Denegal could proceed under those provisions, he is likely time-barred, and he does not appear to have exhausted his administrative remedies with the EEOC. Before bringing a Title VII or Rehabilitation Act claim to a Federal District Court, the plaintiff must exhaust administrative remedies. 29 U.S.C. § 794(a); *Doe v. Garrett*, 903 F.2d 1455, 1461 (11th Cir. 1990). An aggrieved person must first consult an Equal Employment Opportunity counselor within 45 days of the alleged discriminatory incident prior to filing a complaint. 29 C.F.R. § 1614.105(a)(1).

[5] Denegal also moves for appointment of counsel, and in that motion he cites 21 "federal cause of action" cases. (Doc. 3 at 2-3.) Most are state cases and have no bearing on the case. His federal cites all deal with First Amendment jurisprudence involving state entanglement in religious matters. *Jones v. Wolf*, 443 U.S. 595 (1979); *Lemon v. Kurtzman*, 403 U.S. 602 (1971); *Maryland and Virginia Eldership of Churches of God v. Church of God at Sharpsburg, Inc.*, 396 U.S. 367 (1970);

1983 (offering a remedy for the deprivation of a citizen's constitutional rights by actors operating under color of state law); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (same basic principle applied to those acting under color of *federal* law); *see Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990).

In short, there is no jurisdictional basis supporting this action. Since the Court is without jurisdiction to hear Denegal's claim, and it does not appear that he can cure the deficiency by amending his complaint, his case should be **DISMISSED**. Additionally, his motion for appointment of counsel (doc. 3) is **DENIED**, since he lacks a jurisdictional basis for this suit.

**SO REPORTED AND RECOMMENDED** this <u>28th</u> day of March, 2011.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

*Hutchison v. Thomas*, 789 F.2d 392 (6th Cir. 1996). Not one of the cases created a federal cause of action or has even the slightest bearing on this case. Denegal may be able to raise a state law claim in state court, but he has not shown any jurisdictional basis supporting a federal claim in federal court.